UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DALE BALDWIN,

    Petitioner,

v.                                              Case No. 5:12-cv-538-Oc-23PRL

WARDEN, FCC COLEMAN-MEDIUM,

    Respondent.
_____/

**<u>ORDER</u>**

An inmate at the Federal Correctional Institution in Coleman, Florida, Baldwin serves a life sentence imposed in *United States v. Baldwin*, Case No. 8:94-cr-294, Middle District of Florida, Tampa Division. Baldwin petitions (Doc. 1) for a writ of habeas corpus under 28 U.S.C. § 2241 and claims his sentence has been undermined by the Fair Sentencing Act (FSA), 21 U.S.C. § 841 (2010), and *Dorsey v. United States*, 132 S. Ct. 2321 (2012).[1]

Baldwin attacks the validity of his sentence rather than the means of the sentence's execution and pursues relief under Section 2241 because relief under

---

[1] In *Dorsey*, the Supreme Court held that the FSA, which lessened the penalties for crimes involving crack cocaine, applied to offenders whose crimes preceded the effective date of the act but were sentenced after that date.

Section 2255 is barred by the preclusion against a successive petition.[2] However, under these circumstances, Section 2255 expressly precludes Baldwin's pursuit of a remedy under Section 2241.

Section 2255 states that an application "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court denied him relief . . . ." Baldwin seeks to avoid the preclusive effect of that prohibition by invoking the "savings clause" in Section 2255, which permits relief under Section 2241 if "the remedy by motion [under Section 2255] is inadequate or ineffective to test the legality of [the applicant's] detention." However, *Wofford v. Scott*, 117 F. 3d 1236, 1244 (11th Cir. 1999), holds:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal or first § 2255 motion.

A petitioner must meet each element of this test. Baldwin unconvincingly argues entitlement to relief under the "savings clause." Even if a petitioner meets *Wofford*'s narrow requirements and "opens the portal" to a Section 2241 proceeding, the petitioner must demonstrate "actual innocence." *Bousley v. United States*, 523 U.S. 614, 623 (1998), cautions "that 'actual innocence' means factual innocence, not mere

---

[2] Baldwin's four previous petitions under Section 2255 were unsuccessful.

legal insufficiency." Because he shows no "factual innocence," Baldwin has not proven "actual innocence" under *Bousley*.

Further, the FSA does not apply to Baldwin because he was sentenced before the August 3, 2010, effective date of the FSA, and the FSA is not retroactive. *United States v. Gomes*, 621 F.3d 1343, 1346 (11th Cir. 2010).

The petition (Doc. 1) is **DISMISSED**. The Clerk is directed to (1) enter judgment dismissing the petition with prejudice, (2) terminate any pending motion, and (3) close the case.

ORDERED in Tampa, Florida, on October 31, 2012.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE